UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| MONICA HOUCHINS, | ) |
| --- | --- |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 1:16 CV24 ACL |
| | ) |
| NANCY A. BERRYHILL,[1] | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Plaintiff Monica Houchins brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the Social Security Administration Commissioner's denial of her application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act.

An Administrative Law Judge ("ALJ") found that, despite Houchins' multiple severe impairments, she was not disabled as she had the residual functional capacity ("RFC") to perform past relevant work as a cashier, hand packer, and laundry worker.

This matter is pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c). A summary of the entire record is presented in the parties' briefs and is repeated here only to the extent necessary.

For the reasons discussed below, the decision of the Commissioner will be reversed and remanded.

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit.

## I. Procedural History

Houchins protectively filed her application for DIB on April 19, 2013. (Tr. 150-58, 193.) She alleged that she became disabled on November 6, 2012, due to problems with her right knee and back, staph infection, diabetes, acid reflux, and "nerves." (Tr. 197.) Houchins' claim was denied initially. (Tr. 91-95.) Following an administrative hearing, Houchins' claim was denied in a written opinion by an ALJ, dated October 20, 2014. (Tr. 20-32.) Houchins then filed a request for review of the ALJ's decision with the Appeals Council of the Social Security Administration (SSA), which was denied on December 6, 2015. (Tr. 1-6.) Thus, the decision of the ALJ stands as the final decision of the Commissioner. *See* 20 C.F.R. §§ 404.981, 416.1481.

In the instant action, Houchins first argues that the ALJ erred "by failing to support his finding at steps four and five of the evaluation process because despite an apparent conflict between the [*Dictionary of Occupational Titles*] and the vocational expert testimony, neither the ALJ nor the VE provided an explanation for the conflict." (Doc. 14 at 9.) Houchins next contends that the ALJ erred in "failing to base the RFC on substantial evidence of record." *Id.* at 12.

## II. The ALJ's Determination

The ALJ stated that Houchins meets the insured status requirements of the Social Security Act through December 31, 2017. (Tr. 22.) The ALJ found that Houchins had not engaged in substantial gainful activity since her alleged onset date of November 6, 2012. *Id.*

In addition, the ALJ concluded that Houchins had the following severe impairments: obesity, degenerative joint disease of both knees with status-post bilateral arthroscopic surgeries, degenerative disc disease of the cervical spine with status-post discectomy and fusion at C5-C6,

degenerative disc disease and spondylosis of the lumbosacral spine, and a depressive disorder. *Id.* The ALJ found that Houchins did not have an impairment or combination of impairments that meets or equals in severity the requirements of any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 23.)

As to Houchins' RFC, the ALJ stated:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except that it also includes these nonexertional capabilities and limitations: occasionally stooping, kneeling, crouching, and crawling; occasionally doing overhead work; not having exposure to unprotected heights or dangerous moving machinery; and doing only simple routine, repetitive tasks. Light work involves standing and walking at least 6 hours out of an 8-hour day, and lifting, carrying, pushing and pulling no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. 20 CFR 404.1567(b).

(Tr. 25.)

The ALJ found that Houchins' allegations regarding her limitations were not entirely credible. (Tr. 31.) The ALJ determined that Houchins was capable of performing her past relevant work as a cashier, hand packer, and laundry worker. *Id.* He further found that, even if Houchins were unable to perform past relevant work, she could still perform other jobs. *Id.* The ALJ therefore concluded that Houchins has not been under a disability, as defined in the Social Security Act, from November 6, 2012, through the date of the decision. *Id.*

The ALJ's final decision reads as follows:

> Based on the application for a period of disability and disability insurance benefits protectively filed on April 19, 2013, the claimant is not disabled as defined in sections 216(i) and 223(d) of the Social Security Act.

(Tr. 32.)

### III.  Applicable Law

### III.A.  Standard of Review

The decision of the Commissioner must be affirmed if it is supported by substantial evidence on the record as a whole.  42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Estes v. Barnhart*, 275 F.3d 722, 724 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but enough that a reasonable person would find it adequate to support the conclusion.  *Johnson v. Apfel*, 240 F.3d 1145, 1147 (8th Cir. 2001).  This "substantial evidence test," however, is "more than a mere search of the record for evidence supporting the Commissioner's findings."  *Coleman v. Astrue*, 498 F.3d 767, 770 (8th Cir. 2007) (internal quotation marks and citation omitted).  "Substantial evidence on the record as a whole . . . requires a more scrutinizing analysis."  *Id.* (internal quotation marks and citations omitted).

To determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole, the Court must review the entire administrative record and consider:

1. The credibility findings made by the ALJ.

2. The plaintiff's vocational factors.

3. The medical evidence from treating and consulting physicians.

4. The plaintiff's subjective complaints relating to exertional and non-exertional activities and impairments.

5. Any corroboration by third parties of the plaintiff's impairments.

6. The testimony of vocational experts when required which is based upon a proper hypothetical question which sets forth the

> claimant's impairment.

*Stewart v. Secretary of Health & Human Servs.*, 957 F.2d 581, 585-86 (8th Cir. 1992) (internal citations omitted). The Court must also consider any evidence which fairly detracts from the Commissioner's decision. *Coleman*, 498 F.3d at 770; *Warburton v. Apfel*, 188 F.3d 1047, 1050 (8th Cir. 1999). However, even though two inconsistent conclusions may be drawn from the evidence, the Commissioner's findings may still be supported by substantial evidence on the record as a whole. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001) (citing *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000)). "[I]f there is substantial evidence on the record as a whole, we must affirm the administrative decision, even if the record could also have supported an opposite decision." *Weikert v. Sullivan*, 977 F.2d 1249, 1252 (8th Cir. 1992) (internal quotation marks and citation omitted). *See also Jones ex rel. Morris v. Barnhart*, 315 F.3d 974, 977 (8th Cir. 2003). A reviewing court should not disturb the ALJ's decision unless it falls outside the available "zone of choice" defined by the evidence of record. *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011).

**III.B. Determination of Disability**

A disability is defined as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. § 416.905. A claimant has a disability when the claimant is "not only unable to do his previous work but cannot, considering his age, education and work experience engage in any other kind of substantial gainful work which exists … in significant numbers either in the region where such individual lives or in

several regions of the country." 42 U.S.C. § 1382c(a)(3)(B).

To determine whether a claimant has a disability within the meaning of the Social Security Act, the Commissioner follows a five-step sequential evaluation process outlined in the regulations. 20 C.F.R. § 416.920; *see Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007). First, the Commissioner will consider a claimant's work activity. If the claimant is engaged in substantial gainful activity, then the claimant is not disabled. 20 C.F.R. § 416.920(a)(4)(i).

Second, if the claimant is not engaged in substantial gainful activity, the Commissioner looks to see "whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities." *Dixon v. Barnhart*, 343 F.3d 602, 605 (8th Cir. 2003). "An impairment is not severe if it amounts only to a slight abnormality that would not significantly limit the claimant's physical or mental ability to do basic work activities." *Kirby*, 500 F.3d at 707; *see* 20 C.F.R. §§ 416.920(c), 416.921(a).

The ability to do basic work activities is defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 416.921(b). These abilities and aptitudes include (1) physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers, and usual work situations; and (6) dealing with changes in a routine work setting. *Id*. § 416.921(b)(1)-(6); *see Bowen v. Yuckert*, 482 U.S. 137, 141, 107 S.Ct. 2287, 2291 (1987). "The sequential evaluation process may be terminated at step two only when the claimant's impairment or combination of impairments would have no more than a minimal impact on her ability to work." *Page v. Astrue*, 484 F.3d 1040, 1043 (8th Cir. 2007) (internal quotation marks omitted).

Third, if the claimant has a severe impairment, then the Commissioner will consider the

medical severity of the impairment. If the impairment meets or equals one of the presumptively disabling impairments listed in the regulations, then the claimant is considered disabled, regardless of age, education, and work experience. 20 C.F.R. §§ 416.920(a)(4)(iii), 416.920(d); *see Kelley v. Callahan*, 133 F.3d 583, 588 (8th Cir. 1998).

Fourth, if the claimant's impairment is severe, but it does not meet or equal one of the presumptively disabling impairments, then the Commissioner will assess the claimant's RFC to determine the claimant's "ability to meet the physical, mental, sensory, and other requirements" of the claimant's past relevant work. 20 C.F.R. §§ 416.920(a)(4)(iv), 416.945(a)(4). "RFC is a medical question defined wholly in terms of the claimant's physical ability to perform exertional tasks or, in other words, what the claimant can still do despite his or her physical or mental limitations." *Lewis v. Barnhart*, 353 F.3d 642, 646 (8th Cir. 2003) (internal quotation marks omitted); *see* 20 C.F.R. § 416.945(a)(1). The claimant is responsible for providing evidence the Commissioner will use to make a finding as to the claimant's RFC, but the Commissioner is responsible for developing the claimant's "complete medical history, including arranging for a consultative examination(s) if necessary, and making every reasonable effort to help [the claimant] get medical reports from [the claimant's] own medical sources." 20 C.F.R. § 416.945(a)(3). The Commissioner also will consider certain non-medical evidence and other evidence listed in the regulations. *See id.* If a claimant retains the RFC to perform past relevant work, then the claimant is not disabled. *Id.* § 416.920(a)(4)(iv).

Fifth, if the claimant's RFC as determined in Step Four will not allow the claimant to perform past relevant work, then the burden shifts to the Commissioner to prove that there is other work that the claimant can do, given the claimant's RFC as determined at Step Four, and his or her age, education, and work experience. *See Bladow v. Apfel*, 205 F.3d 356, 358-59 n.5 (8th Cir. 2000). The Commissioner must prove not only that the claimant's RFC will allow the claimant to

make an adjustment to other work, but also that the other work exists in significant numbers in the national economy. *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004); 20 C.F.R. § 416.920(a)(4)(v). If the claimant can make an adjustment to other work that exists in significant numbers in the national economy, then the Commissioner will find the claimant is not disabled. If the claimant cannot make an adjustment to other work, then the Commissioner will find that the claimant is disabled. 20 C.F.R. §416.920(a)(4)(v). At Step Five, even though the burden of production shifts to the Commissioner, the burden of persuasion to prove disability remains on the claimant. *Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004).

The evaluation process for mental impairments is set forth in 20 C.F.R. §§ 404.1520a, 416.920a. The first step requires the Commissioner to "record the pertinent signs, symptoms, findings, functional limitations, and effects of treatment" in the case record to assist in the determination of whether a mental impairment exists. *See* 20 C.F.R. §§ 404.1520a(b)(1), 416.920a(b)(1). If it is determined that a mental impairment exists, the Commissioner must indicate whether medical findings "especially relevant to the ability to work are present or absent." 20 C.F.R. §§ 404.1520a(b)(2), 416.920a(b)(2). The Commissioner must then rate the degree of functional loss resulting from the impairments in four areas deemed essential to work: activities of daily living, social functioning, concentration, and persistence or pace. *See* 20 C.F.R. §§ 404.1520a(b)(3), 416.920a(b)(3). Functional loss is rated on a scale that ranges from no limitation to a level of severity which is incompatible with the ability to perform work-related activities. *See id.* Next, the Commissioner must determine the severity of the impairment based on those ratings. *See* 20 C.F.R. §§ 404.1520a(c), 416.920a(c). If the impairment is severe, the Commissioner must determine if it meets or equals a listed mental disorder. *See* 20 C.F.R. §§ 404.1520a(c)(2), 416.920a(c)(2). This is completed by comparing the presence of medical findings and the rating of functional loss against the paragraph A and B criteria of the Listing of the

appropriate mental disorders.  *See id.*   If there is a severe impairment, but the impairment does not meet or equal the listings, then the Commissioner must prepare an RFC assessment.  *See* 20 C.F.R. §§ 404.1520a(c)(3), 416.920a(c)(3).

### IV.  Discussion

Houchins argues that the ALJ erred in relying on vocational expert ("VE") testimony at steps four and five that was in conflict with the *Dictionary of Occupational Titles* ("DOT") and its companion publication, the *Selected Characteristics of Occupations* ("SCO"), without explanation or justification from the VE.  Defendant argues that VE testimony was not required because the ALJ found that Houchins could perform her past work at step four, and the burden never shifted to the Commissioner.  Defendant further contends that the generic DOT or SCO descriptions of Houchins' past work are irrelevant because the ALJ found that Houchins could perform the positions as she actually performed them.

The ALJ found that Houchins had the RFC to perform light work with the following nonexertional limitations: occasional stooping, kneeling, crouching, and crawling; occasional overhead work; no exposure to unprotected heights or dangerous moving machinery; and only simple, routine, repetitive tasks.  (Tr. 25.)   At issue is the limitation to occasional overhead work.

The ALJ relied on VE testimony to conclude at step four that Houchins could perform past work as a cashier, hand packer, and laundry worker.  (Tr. 31.)   The ALJ noted that the laundry worker position was arguably not past relevant work because of its brevity.  *Id.*  He found that Houchins was capable of performing the jobs of cashier and hand packer as actually performed. *Id.*  The ALJ made an alternative finding at step five that Houchins could perform other work as a cleaner/housekeeper and merchandise marker.  *Id.*

At step four of the sequential analysis in determining disability, an ALJ compares a claimant's RFC "with the physical and mental demands of [the claimant's] past relevant work."

20 C.F.R. § 404.1520(f). If the ALJ determines the claimant can perform her past relevant work, the claimant is not disabled. *See id.* In making this determination, the ALJ must fully investigate and make explicit findings as to the physical and mental demands of the claimant's past relevant work and compare that with what the claimant is capable of doing. *Young v. Astrue,* 702 F.3d 489, 491 (8th Cir. 2013); *Nimick v. Secretary of Health & Human Servs.,* 887 F.2d 864, 866 (8th Cir. 1989). *See also Groeper v. Sullivan,* 932 F.2d 1234, 1238-39 (8th Cir. 1991).

An ALJ may obtain information from the claimant or the claimant's past employer "as to the physical and mental demands of her position" as it was actually performed. *Kirby v. Sullivan,* 923 F.2d 1323, 1327 (8th Cir. 1991); *see* 20 C.F.R. §§ 404.1565(b), 416.965(b). Alternatively, "[t]he ALJ may discharge this duty by referring to the specific job descriptions in the *Dictionary of Occupational Titles* that are associated with the claimant's past work." *Pfitzner v. Apfel,* 169 F.3d 566, 569 (8th Cir. 1999). "The ALJ may also rely on vocational expert testimony to fulfill this obligation." *James v. Astrue,* No. 4:07CV1382HEA, 2008 WL 4204712, at *10 (E.D. Mo. Sept. 8, 2008); *see* 20 C.F.R. § 404.1560(b)(2).

Houchins argues that the ALJ erred by failing to support his findings at steps four and five of the evaluation because her limitation to only occasional overhead work would preclude her past work and the other jobs cited by the VE. Houchins cites *Moore v. Colvin*, 769 F.3d 987, 990 (8th Cir. 2014), and *Kemp ex. rel. Kemp v. Colvin*, 743 F.3d 630, 632-33 (8th Cir. 2014), for the proposition that a VE's failure to explain inconsistencies between the DOT and/or the SCO and the VE's testimony is reversible error.

When eliciting VE testimony, "the ALJ has an affirmative responsibility to ask about any possible conflict between VE evidence and the DOT. . .on the requirements of a job or occupation before relying on VE evidence to support a determination of not disabled." *Kemp ex rel. Kemp*, 743 F.3d at 633 (internal quotations and footnotes omitted); *see also Moore*, 769 F.3d at 990 ("The

20 C.F.R. § 404.1520(f). If the ALJ determines the claimant can perform her past relevant work, the claimant is not disabled. *See id.* In making this determination, the ALJ must fully investigate and make explicit findings as to the physical and mental demands of the claimant's past relevant work and compare that with what the claimant is capable of doing. *Young v. Astrue,* 702 F.3d 489, 491 (8th Cir. 2013); *Nimick v. Secretary of Health & Human Servs.,* 887 F.2d 864, 866 (8th Cir. 1989). *See also Groeper v. Sullivan,* 932 F.2d 1234, 1238-39 (8th Cir. 1991).

An ALJ may obtain information from the claimant or the claimant's past employer "as to the physical and mental demands of her position" as it was actually performed. *Kirby v. Sullivan,* 923 F.2d 1323, 1327 (8th Cir. 1991); *see* 20 C.F.R. §§ 404.1565(b), 416.965(b). Alternatively, "[t]he ALJ may discharge this duty by referring to the specific job descriptions in the *Dictionary of Occupational Titles* that are associated with the claimant's past work." *Pfitzner v. Apfel,* 169 F.3d 566, 569 (8th Cir. 1999). "The ALJ may also rely on vocational expert testimony to fulfill this obligation." *James v. Astrue,* No. 4:07CV1382HEA, 2008 WL 4204712, at *10 (E.D. Mo. Sept. 8, 2008); *see* 20 C.F.R. § 404.1560(b)(2).

Houchins argues that the ALJ erred by failing to support his findings at steps four and five of the evaluation because her limitation to only occasional overhead work would preclude her past work and the other jobs cited by the VE. Houchins cites *Moore v. Colvin*, 769 F.3d 987, 990 (8th Cir. 2014), and *Kemp ex. rel. Kemp v. Colvin*, 743 F.3d 630, 632-33 (8th Cir. 2014), for the proposition that a VE's failure to explain inconsistencies between the DOT and/or the SCO and the VE's testimony is reversible error.

When eliciting VE testimony, "the ALJ has an affirmative responsibility to ask about any possible conflict between VE evidence and the DOT. . .on the requirements of a job or occupation before relying on VE evidence to support a determination of not disabled." *Kemp ex rel. Kemp*, 743 F.3d at 633 (internal quotations and footnotes omitted); *see also Moore*, 769 F.3d at 990 ("The

ALJ is not absolved of this duty [to ask about conflicting testimony] because the VE responds 'yes' when asked if her testimony is consistent with the DOT."); SSR 00-4P, 2000 WL 1898704, at *2 (Dec. 4, 2000) (mandating that an ALJ elicit a reasonable explanation for any conflict before relying on VE evidence to support a disability determination). "Absent adequate rebuttal. . .VE testimony that conflicts with the DOT 'does not constitute substantial evidence upon which the Commissioner may rely,'" *Moore*, 769 F.3d at 990 (citing *Kemp*, 743 F.3d at 632), to meet the burden of proving a claimant can perform other work.

In *Moore,* the claimant argued that the ALJ erred in finding he could perform two jobs identified by a VE when they required frequent reaching and the ALJ's RFC limited him to occasional overhead reaching bilaterally. The Court noted that the DOT's listing for each job required frequent reaching without specifying the direction of reaching. *Id.* The Court found that the VE did not adequately explain the inconsistency between the ALJ's RFC and the DOT's description and remanded the case. *Id.* Similarly, in *Kemp*, the Court found that the ALJ had not fulfilled his affirmative responsibility to ask about a possible conflict between the VE's testimony and the DOT when the VE testified that the claimant could perform the work of a check-weigher although the DOT defined that job as requiring constant reaching and the ALJ limited the claimant to only occasional overhead reaching. 743 F.3d at 632-33. The Court noted that "reaching" is defined in Appendix C to the SCO as "extending the hands and arms in any direction." *Id.* at 632. The "apparent conflict" was "not resolved on the record." *Id.*

*Moore* and *Kemp* compel the same result in this case. The RFC posed to the VE included, among other things, a restriction to only occasional overhead work bilaterally. (Tr. 60.) The VE testified that Houchins could perform past work as a cashier (DOT 211.462-010), hand packager (DOT 920.587-018) as performed, and laundry worker (DOT 323.687-010) as performed. (Tr. 61.) All of these positions require more than occasional reaching. Specifically, the cashier job

requires frequent reaching, which is defined as 1/3 to 2/3 of the time, *DOT*, 1991 WL 671840 (4th ed. Rev. 1991); the hand packager job requires constant reaching, defined as existing 2/3 or more of the time, *id.* at 1991 WL 687916; and the laundry worker job requires frequent reaching, *id.* at 672782.  Neither the VE nor the ALJ addressed the apparent conflict between the VE's testimony and the DOT listings.

Defendant first argues that no error occurred because the ALJ was not required to use a VE at step four.  Recent courts considering this issue, including one in this District, have found otherwise and have applied *Moore* and *Kemp* to an ALJ's step four determination.  *See Gribble v. Colvin,* No. 1:14CV0027TCM, 2015 WL 847479, at *22 (E.D. Mo. Feb. 26, 2015); *Hall v. Colvin*, No. 15CV03280-DGK, 2016 WL 3911986, at *3 (W.D. Mo. July 15, 2016); *Martin v. Colvin*, No. 3:14CV00123-JJV, 2014 WL 5473470, at *2 (E.D. Ark. Oct. 28, 2014).

In *Gribble*, the ALJ relied on the testimony of a VE at step four to find that the claimant could return to his past relevant work as an auto body helper.  2015 WL 847479, at *21.  The claimant argued that the requirements of such a position were inconsistent with the ALJ's RFC determination that he was limited to occasional overhead reaching with his left arm because the position required frequent reaching.  *Id.*  The court[2] rejected the Commissioner's attempt to distinguish *Moore* and *Kemp* on the grounds that those cases arose at step five and not at step four:

> Under the present circumstances, however, the distinction is one without a difference.  As noted above, the regulations provide that the services of a VE may be used when determining whether a claimant can perform his past relevant work. *See* 20 C.F.R. § 416.920(b)(2).  The ALJ did so.  The ALJ did not adequately inquire into a conflict between the VE's testimony that, even being limited to occasional overhead reaching with his left arm, Plaintiff could perform his past relevant work as an auto body helper and the DOT's description of the job as requiring reaching.

---

[2] United States Magistrate Judge Thomas C. Mummert, III.

*Id.* at 22. Defendant makes no attempt to distinguish *Gribble*, and the undersigned finds it persuasive.

Defendant next argues that the DOT classifications of Houchins' past work are irrelevant because the ALJ found that Houchins could perform the positions as she actually performed them. Although it is true that the ALJ made this finding, Defendant's argument is unavailing because there is no evidence that Houchins performed the positions differently than described in the DOT. The ALJ did not investigate and make explicit findings as to the physical and mental demands of Houchins' past relevant work. *See Young,* 702 F.3d at 491. Neither the ALJ nor the VE questioned Houchins regarding the requirements of her past work at the hearing.

Further, the only evidence in the record of Houchins' past work—the Work History Report completed by Houchins—shows that Houchins was required to reach more than occasionally. Houchins indicated that she was required to reach eight hours at the hand packer job (Tr. 210), reach three to four hours at the laundry worker job (Tr. 213), and reach three to four hours at the cashier job. (Tr. 214.) The form, like the DOT descriptions, does not distinguish between reaching generally and overhead reaching. Because Houchins reported that she was required to reach one third or more of the work day, the reaching requirements of her past work exceed her limitation of occasional overhead reaching. Thus, the ALJ's finding that Houchins could perform her past work as performed is not supported by substantial evidence.

The ALJ's alternative step five findings do not cure the errors at step four. The ALJ found that Houchins could perform the jobs cleaner/housekeeper (DOT 323.687-014) and merchandise marker (DOT 209.587-034). (Tr. 31.) These jobs suffer from the same flaw as Houchins' past work cited at step four: they require frequent reaching. *See DOT*, 1991 WL 672783 (cleaner/housekeeper); *id.* at 671802 (merchandise marker). Consequently, the ALJ's alternative step five finding is not supported by substantial evidence.

Houchins next contends that the RFC formulated by the ALJ is not based on substantial evidence of record. Because this matter will be remanded to the Commissioner based on the ALJ's errors at steps four and five, the undersigned need not consider this additional argument. The ALJ should address the concerns regarding Houchins' RFC on remand.

## **Conclusion**

For the reasons discussed above, the Commissioner's decision is not based upon substantial evidence on the record as a whole and the cause is therefore remanded to the Commissioner for further consideration in accordance with this Memorandum and Order. Upon remand, the ALJ shall formulate an RFC supported by substantial evidence, including some medical evidence; make explicit findings as to the physical and mental demands of Houchins' past relevant work and compare that with her RFC; and resolve any conflicts between the DOT and the VE testimony.

Dated: March 27, 2017

_/s/ Abbie Crites-Leoni_
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE